Compiler

**IN THE SUPERIOR COURT OF GUAM**

FILED
SUPERIOR COURT

202 ... -5 ... 5: 34

CLERK ... COURT

| | |
|---|---|
| MADELINE T. HORINOUCHI, | ) |
| | ) |
| Plaintiff, | ) **DOMESTIC CASE NO. DM0673-11** |
| | ) |
| vs. | ) |
| | ) **DECISION AND ORDER** |
| KEITH M. HORINOUCHI, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to enforce stipulated judgment of divorce, filed November 13, 2012. Oral arguments were heard on December 10, 2012. Attorney Daniel S. Somerfleck, Esq. appeared on behalf of the Defendant and Attorney William B. Pole, Esq. represented the Plaintiff. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

In this divorce action, Plaintiff and Defendant do not have children and seek to divide their property. On July 30, 2012, both parties appeared with their attorneys for a bench trial. Plaintiff's counsel represented that an oral settlement agreement was reached and counsel read the following terms of the agreement into the record: (Record Log at 9:17, July 30, 2012.)

Plaintiff shall keep and refinance parties' Kauai real property in her name and keep a Lexus vehicle. *Id.* Defendant shall keep and refinance parties' Loma Linda real property in his name and keep a Mitsubishi vehicle. *Id.* Plaintiff shall keep her 401k retirement account and frequent flyer mileage accounts. *Id.* Defendant shall keep his 401b retirement account, his business named "Horinouchi Wellness Clinic", and his frequent flyer mileage accounts. *Id.* Plaintiff shall remove Defendant's name from, and be solely responsible for, all encumbrances on the Kauai property and a Chase credit card. *Id.* Defendant shall remove Plaintiff's name from, and be solely responsible for, all encumbrances on the Loma Linda property and all other

Page 1 of 4

credit cards. *Id.* Any other joint accounts will be closed and the parties shall file taxes separately from 2011 onward. *Id.*

Plaintiff's counsel explained that the parties shall split any gain or loss in the value of the Kauai property. *Id.* Plaintiff shall have the property appraised by the refinance lender and if its value exceeds $535,000 then Plaintiff shall pay Defendant one-half (1/2) of the difference in value above $535,000. *Id.* If the value is less than $535,000 then Defendant shall pay Plaintiff one-half (1/2) of the difference in value below $535,000. *Id.* Defendant shall also pay $3,000 to Plaintiff by check and $2,000 to her by promissory note. *Id.* Finally, Plaintiff shall keep the Kauai property furnishings except for some of Defendant's personal effects that he shall specify in a list at a later time. *Id.*

Defendant's counsel agreed to the foregoing terms and stated that the parties shall memorialize the agreement together in a proposed interlocutory and final decree of divorce. *Id.* at 9:23. When a joint submission was not forthcoming, Defendant filed an interlocutory and final decree of divorce on October 23, 2012. Defendant's interlocutory and final decrees of divorce accurately represent the open court settlement agreement and further identify his personal effects. On November 13, 2012, Defendant filed the present motion to enforce the decrees. Defendant argues that he relied upon the stipulated property settlement agreement and sent Plaintiff a check for $3,000. Plaintiff argues that she did not consent to the agreement and that the statute of frauds as well as 21 GCA § 4101 require the agreement to be in writing.

## DISCUSSION

Under Guam law, "stipulations will be recognized as binding only when made in open court." Local Rules of the Super. Ct. of Guam GR 3.1(a). Guam law does not specifically apply this rule to divorce stipulations, but many jurisdictions recognize marital separation agreements that are read in open court as binding and enforceable agreements.[1] An oral stipulation in the presence of the court is:

---

[1] *See e.g. Grisham v. Grisham*, 289 P.3d 230, 233-234 (Nev. 2012); *Holland v. Holland*, 266 N.E.2d 580, 582 (Ohio Ct. App. 1970); *Meyer v. Rosenbaum*, 248 N.W.2d 558, 560 (Mich. Ct. App. 1976); *Linehan v. Linehan*, 649 S.W.2d 837, 839 (Ark. Ct. App. 1983); *Harrington v. Harrington*, 479 N.Y.S.2d 1000, 1002-1003 (N.Y. App. Div. 1984); *Davidson v. Davidson*, 477 A.2d 423, 424-426 (N.J. Super. Ct. Ch. Div. 1984); *Dominick v. Dominick*, 463

[a] traditionally favored device for fostering authentic and reliably recorded settlements, the procedure dates back at least to the nineteenth century. Thus, writing in 1889, Justice Oliver Wendell Holmes repelled a statute of frauds challenge to a stipulated oral agreement, stating simply: "It is a sufficient answer to this proposition that the statute requiring a signed writing plainly is not intended to apply to an agreement like the present, made in open court, and acted on by the court." The formality, publicity, and solemnity of an open court proceeding protects parties against hasty and improvident settlement agreements by impressing upon them the seriousness and finality of the decision to settle. In addition, placing the agreement on the record in open court ensures that there is a formal record to memorialize the critical litigation events and, modernly, a transcript beyond dispute and the fallibility of memory.

*Grisham*, 289 P.3d at 233-234 (internal quotations and citations omitted).

For these reasons, many jurisdictions do not apply the statute of frauds to stipulated judgments made in open court even when the subject matter is real property. *Id*. at 234 (citing multiple authorities). *See also Eberle*, 505 N.W.2d at 771; *Takusagawa*, 166 P.3d at 447.

In this case, the parties stipulated to a property settlement agreement that Plaintiff's counsel read it into the record in open court. Plaintiff did not object or correct her attorney as he read the stipulations and the agreement is not void if Plaintiff later withdraws her consent. *See e.g. Grisham*, 289 P.3d at 236 (consent to order agreement into record minutes is implied in absence of objection or correction); *Meyer*, 248 N.W.2d at 559-560 (public policy to enforce open court bargains despite later changes in consent).[2] The terms of the agreement are definite and Plaintiff does not allege fraud, mistake, overreaching or challenge a finding that the settlement is fair and reasonable. Finally, the Court does not agree with Plaintiff's remaining assertion that the real property agreements must be in writing pursuant to the statute of frauds and 21 GCA § 4101. The risk of fraud does not apply to this marital property agreement

---

N.E.2d 564, 567-568 (Mass. App. Ct. 1984); *Perras v. Perras*, 726 P.2d 617, 619 (Ariz. Ct. App. 1986); *Roskind v. Roskind*, 552 So.2d 1155, 1155-1156 (Fla. Dist. Ct. App. 1989); *In re Marriage of Lorton*, 561 N.E.2d 156, 158-159 (Ill. App. Ct. 1990); *Luber v. Luber*, 614 A.2d 771, 773-774 (Pa. Super. Ct. 1992); *Matter of Estate of Eberle*, 505 N.W.2d 767, 771 (S.D. 1993); *In re Marriage of Assemi*, 872 P.2d 1190, 1195 (Cal. 1994); *Carter v. Carter*, 869 S.W.2d 822, 827-829 (Mo. Ct. App. 1994); *Carlin v. Wallace*, 809 So.2d 1017, 1020-1021 (La. Ct. App. 2001); *In re Marriage of Takusagawa*, 166 P.3d 440, 445-448 (Kan. Ct. App. 2007). *Cf. McIntosh v. McIntosh*, 328 S.E.2d 600, 601-602 (N.C. Ct. App. 1985) (stipulation must also be acknowledged by parties); *Gaffney v. Gaffney*, 613 S.E.2d 471, 477 (Va. Ct. App. 2005) (stipulation must also be affirmed by parties).

[2] Plaintiff's withdrawal of consent may further invoke judicial estoppel where Defendant may lose $3,000 in reliance upon the Court's acceptance of the bargain. *See generally New Hampshire v. Maine*, 532 U.S. 742, 750-751, 121 S.Ct. 1808, 1815, 149 L.Ed.2d 968 (2001) (factors to apply judicial estoppel).

because it was decided in a formal, public and solemn open court proceeding and its terms are recorded in a transcript that is beyond dispute and the fallibility of memory. For these reasons, the motion to enforce the stipulated judgment of divorce shall be granted.

///

///

///

## CONCLUSION

Based upon the foregoing, the Defendant's motion to enforce stipulated judgment of divorce is hereby GRANTED and the Court shall enter Defendant's interlocutory and final decrees of divorce.

**SO ORDERED this _5TH_ day of March, 2013.**

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

MAR 0 5 2013

James R. Borja
Deputy Clerk, Superior Court of Guam